Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000976
19-NOV-2019
08:04 AM

NO. CAAP-18-0000976

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HL, Petitioner-Appellant,
v.
JC, Respondent-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 18-1-1411)

**ORDER OF DISMISSAL**
(By:  Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Petitioner-Appellant HL (**Wife**) appeals from the "Order Regarding Temporary Restraining Order Filed on: June 22, 2018" (**No Further Action Order**), entered by the Family Court of the First Circuit[1] on December 12, 2018.  We take judicial notice of the documents filed in HL v. JC, FC-DA No. 18-1-2939, Family Court of the First Circuit, State of Hawaiʻi (**Second Petition for Protection**), and HL v. JC, FC-DV No. 18-1-0799, Family Court of the First Circuit, State of Hawaiʻi (the **Divorce Case**), pursuant to Rule 201 of the Hawaiʻi Rules of Evidence (1981).  This appeal is dismissed for lack of subject matter jurisdiction, as explained below.

**I.**

On June 22, 2018, Wife (who was then self-represented) filed a petition for an order for protection pursuant to Hawaii Revised Statutes (**HRS**) Chapter 586 (Domestic Abuse Protective Orders).  A temporary restraining order (**First TRO**) was issued

_____

[1]     The Honorable Linda S. Martell presided.

against Respondent-Appellee JC (**Husband**) and the show-cause hearing was set for July 3, 2018. At the show-cause hearing, Wife requested a continuance because she had been served with a cross-TRO obtained by Husband and intended to retain counsel. The family court continued the hearing to August 14, 2018, to allow Wife to retain counsel.

On July 11, 2018, Wife filed a complaint against Husband in the Divorce Case.

Wife and Husband both attended the August 14, 2018 hearing,[2] and both were represented by counsel. Husband requested another continuance. The record does not indicate a reason for the requested continuance, but Wife did not object. The family court continued the hearing to October 8, 2018, and ordered the Department of Human Services (**DHS**) to investigate the case and submit a written report. DHS filed its report on September 28, 2018.

Wife and Husband both attended the October 8, 2018 hearing,[3] and both were represented by counsel. Husband requested another continuance because his criminal matter was scheduled for October 15, 2018.[4] The family court continued the hearing to December 12, 2018, over Wife's objection. The record does not indicate whether Husband's request or the family court's order was specifically based upon Husband's assertion of his Fifth Amendment privilege against self-incrimination.

Wife and Husband both attended the December 12, 2018 hearing,[5] and both were represented by counsel. The family court's minutes state:

---

[2] The family court's minutes indicate that the hearing was consolidated with the show-cause hearing on FC-DA No. 18-1-1475, which appears to be Husband's petition for an HRS Chapter 586 order for protection.

[3] The family court's minutes indicate that the hearing was again consolidated with FC-DA No. 18-1-1475.

[4] The record does not reflect what offenses Husband was charged with committing, or the nature of the October 15, 2018 proceeding.

[5] The family court's minutes indicate that the hearing was again consolidated with FC-DA No. 18-1-1475.

> AFTER HEARING THE ARGUMENTS OF COUNSEL, COURT WOULD HAVE GRANTED [Husband]'s REQUEST TO CONTINUE THE TRIAL DUE TO [Husband]'s CRIMINAL MATTER.
>
> HOWEVER, THIS TRO FILED ON 6/22/18 IS SET TO EXPIRE ON 12/19/18; & FC-DA 18-1-1475 FILED ON 6/28/18 IS SET TO EXPIRE ON 12/25/18.
>
> THEREFORE, THE COURT TAKES NO FURTHER ACTION ON BOTH MATTERS & THE TROS WILL EXPIRE RESPECTIVELY ON THE DATES ABOVE, OVER [Wife]'s OBJECTION.
>
> BOTH PARTIES [are] FREE TO FILE NEW PETITIONS.

The family court issued the No Further Action Order on December 12, 2018. The family court contemporaneously issued a new TRO to Wife against Husband (**Second TRO**) in Wife's Second Petition for Protection.

On December 31, 2018, Wife moved for reconsideration of the No Further Action Order and a new trial. Wife's notice of appeal from the No Further Action Order was also filed on December 31, 2018. On May 14, 2019, in the Second Petition for Protection, the family court issued a protective order (**Protective Order**) against Husband. The Protective Order remains valid until May 14, 2023, as to Wife, and until May 12, 2021, as to Husband's and Wife's children XC1, XC2, and XC3 (collectively, the **Children**).

The Divorce Case remains pending.

On October 24, 2019, we issued an amended order that Wife show cause why this appeal is not moot and should not be dismissed for lack of appellate jurisdiction, citing Hamilton ex rel. Letham v. Lethem, 119 Hawai'i 1, 193 P.3d 839 (2008). Wife's response was filed on October 30, 2019.

## II.

"It is axiomatic that mootness is an issue of subject matter jurisdiction. Whether a court possesses subject matter jurisdiction is a question of law[.]" Hamilton, 119 Hawai'i at 4-5, 193 P.3d at 842-43 (citation and internal quotation marks omitted).

> The mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination. Put another way, the suit must remain alive throughout the course of litigation to the

> moment of final appellate disposition. Its chief purpose is to assure that the adversary system, once set in operation, remains properly fueled. The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised.

Id. at 5, 193 P.3d at 843 (citations omitted).

In this case, Wife filed her Second Petition for Protection and obtained the Second TRO before the First TRO expired. Wife then obtained the Protective Order — the same remedy she sought in the case below. Wife's response to the amended order to show cause argues that two of the exceptions to the mootness doctrine — "capable of repetition[,] yet evading review" and "[p]ublic [i]nterest" — apply.[6]

> The phrase, "capable of repetition, yet evading review," means that a court will not dismiss a case on the grounds of mootness where a challenged governmental action would evade full review because the passage of time would prevent any single plaintiff from remaining subject to the restriction complained of for the period necessary to complete the lawsuit.

Hamilton, 119 Hawai'i at 5, 193 P.3d at 843 (cleaned up). As the supreme court noted in Hamilton, "a TRO, by its very nature, will always evade review because it would, as it did here, expire within the initial ninety-day[7] term. . . . [T]he issue here is whether the factual situation underlying this case is 'capable of repetition.'" Id. at 6, 193 P.3d at 844 (footnote added) (citation omitted). The factual situation underlying this appeal will not be repeated because the Protective Order is now in place, and it provides Wife with all of the relief she originally sought below.

---

[6] A third exception (the "collateral consequences" exception) was adopted by the Hawai'i Supreme Court in Hamilton but does not apply to the facts or circumstances of Wife's case.

[7] The statute at issue in Hamilton was HRS § 586-5 (2006), which stated that a TRO granted pursuant to HRS chapter 586 shall not exceed ninety days. The statute was amended effective June 8, 2011, to provide for a one hundred eighty-day maximum time period. 2011 Haw. Sess. Laws Act 85, § 1 at 236.

With regard to the "[p]ublic [i]nterest" exception:

> When analyzing the public interest exception, [the supreme] court looks to (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for future guidance of public officers, and (3) the likelihood of future recurrence of the question.

Hamilton, 119 Hawai'i at 6-7, 193 P.3d at 844-45 (citation and brackets omitted). In Hamilton the petitioner argued that the temporary restraining order at issue affected his constitutional right to raise his children. The supreme court held that the right asserted was personal to the petitioner, and thus of a private nature. Id. at 7, 193 P.3d at 845. The supreme court noted that "the cases . . . that have applied the public interest exception have focused largely on political or legislative issues that affect a significant number of Hawai'i residents," citing cases involving the grandparent visitation statute, the statute providing retirement benefits to all state and county employees, and the City and County of Honolulu's compliance with the Sunshine Law. Id. This case does not "involve political or legislative matters that will affect a significant number of people." Id. The public interest exception does not apply.

## III.

This appeal is moot and none of the exceptions to the mootness doctrine apply. The appeal is dismissed for lack of subject matter jurisdiction.

DATED: Honolulu, Hawai'i, November 19, 2019.

Presiding Judge

Associate Judge

Keith K Hiraoka

Associate Judge